**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ERIC JOHNSON,                        )
                                     )
          Petitioner,                )
                                     )
          v.                         )    **2:05cv668**
                                     )    **Electronic Filing**
SUPERINTENDENT TENNIS                )
et al.,                              )
                                     )    Judge Cercone
          Respondents.               )    Magistrate Judge Caiazza
                                     )
                                     )

**MEMORANDUM ORDER**

Eric Johnson's Petition for Writ of Habeas Corpus was received by the Clerk of Court on March 13, 2005, and was referred to United States Magistrate Judge Francis X. Caiazza for Report and Recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's Report and Recommendation, filed on March 14, 2006, recommended that the Petition for Writ of Habeas Corpus filed by Eric Johnson pursuant to the provisions of 28 U.S.C. § 2254 be denied.  Also, it was recommended that a Certificate of Appealability be denied. The parties were allowed ten (10) days from the date of service to file objections. Service was made on the Petitioner by First Class United States Mail and on Respondents.  Objections were filed by the Petitioner on April 13, 2006.  After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the following order is

1

entered:

AND NOW, this __20__ day of June, 2006,

IT IS HEREBY ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED** and that a certificate of appealability is **DENIED**.   The Report and Recommendation of Magistrate Judge Caiazza, dated March 14, 2006, is adopted as the opinion of the court.

Petitioner's objections are unavailing. Each of the grounds forming petitioner's objections has been thoroughly addressed in the Report and Recommendation. As aptly noted therein, petitioner's claims are without factual and/or legal merit.

In addition, even assuming for the sake of argument that the Commonwealth pursued and convicted Clark for first degree murder under an accomplice liability or conspiracy theory and petitioner for third degree murder on the theory that he and Clark were rival gang members shooting at each other, it does not follow that petitioner's due process rights were violated.   Clark's first degree murder conviction was vacated and he was granted a new trial.   Clark plead guilty to third degree murder and aggravated assault after petitioner was convicted.   Thus, the fact that Clark was first prosecuted for first degree murder has no bearing on petitioner's rights.

Moreover, the prosecution of Clark on third degree murder charges after petitioner was convicted does not undermine or present any inconsistent evidence with petitioner' conviction. In fact, the evidence before the Pennsylvania courts was more than consistent with the guilty verdict rendered against petitioner. There was sufficient evidence to place petitioner at

2

the scene firing the weapon that discharged most of the shots fired.   Petitioner thereafter acknowledged to Williams that he was at the scene and was responsible for the victim's death. Petitioner was linked to the weapon that fired 27 of the thirty-some shell casings found at the scene through (1) petitioner's purchase of the weapon, a 9-mm Glock; (2) the recovery of the 9-mm Glock at a Wilkinsburg residence where petitioner was present; and (3) William's testimony that petitioner possessed the Glock on the day of the murder.   And the car at the scene containing the victim's body was riddled with at least thirteen bullet holes.

Given this body of compelling evidence, the pertinent question facing Clark at the time he entered a guilty plea to third degree murder and assault charges was whether his conduct and/or the shoots from his weapon also caused the victim's death. His decision to plead guilty to those charges rather than litigate the element of causation was one of personal choice and his exercise of the  right to receive the benefit of pleading guilty did not create any inconsistency in the evidence or the prosecution's theory that inures to petitioner's benefit. Petitioner's PCRA counsel recognized as much when he filed a "no-merit" letter at the trial level of the PCRA proceedings.

In short, petitioner cannot stand on the rights of Clark to create a due process violation and Clark's decision to plead guilty to third degree murder and assault charges does not create any evidence that is inconsistent with the jury verdict rendered

3

against petitioner.    It therefore follows that petitioner's
objections properly must be overruled.


_____
David Stewart Cercone
United States District Judge


cc:   Honorable Francis X. Caiazza
      United States Magistrate Judge

      Eric Johnson
      DF-0031
      SCI Rockview
      Box A
      Bellefonte, PA 16823

      Paul R. Scholle, Esquire
      Office of the District Attorney
      401 Allegheny County Courthouse
      Pittsburgh, PA 15219

4